# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RANDALL E. CHMELAR,

        Appellant,

        v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
AT-0752-13-1481-I-1[1]

DATE: August 12, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Randall E. Chmelar</u>, Orange Park, Florida, pro se.

<u>Genifer Tarkowski</u>, Esquire, Jacksonville, Florida, for the agency.

<u>Tracey Rockenbach</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency action furloughing him for 6 workdays. Generally, we grant

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation. *In re Naval Air Systems Command, Jacksonville, Group III v. Department of the Navy*, MSPB Docket No. AT-0752-14-0118-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective July 8, 2013, the agency furloughed the appellant from his GS-9 Industrial Engineering Technician position based on the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. Initial Appeal File (IAF), Tab 1 at 8-16. The furlough was to occur on discontinuous days between July 8, 2013, and September 21, 2013,[3] not to exceed 88 hours, and for no more than 16 hours per pay period. *Id.* at 8, 13. Ultimately, the agency furloughed the appellant for a total of 48 hours (6 workdays). IAF, Tab 5 at 4.

¶3 The appellant filed an appeal with the Board challenging the furlough action. IAF, Tab 1. In relevant part, he asserted that the agency committed a harmful procedural error by failing to comply with its statements in its decision notice and in the Standard Form 50 documenting the furlough action that his supervisor would inform him, at the beginning of each pay period during the

---

[3] The agency's decision notice indicated that the furlough would end by September 21, 2013, but the Standard Form 50 documenting the action stated September 27, 2013. IAF, Tab 1 at 8, 13.

furlough, of the specific date(s) he would be furloughed during that pay period.[4] *Id.* at 5. He declined a hearing. *Id.* at 2.

¶4      The administrative judge issued an initial decision affirming the furlough action. *In re Naval Air Systems Command, Jacksonville, Group III v. Department of the Navy*, MSPB Docket No. AT-0752-14-0118-I-1, Consolidated Appeal File (CAF), Tab 23, Initial Decision (ID).[5] She found that the agency proved that it had the discretion to furlough employees funded through Working Capital Fund activities and Commercial Services Agreements, and that the furlough was within its discretion, promoted the efficiency of the service, was applied in a fair and

---

[4] He also raised the following claims, which he does not reassert on review: (1) the agency committed harmful procedural error when it engaged in an unfair labor practice (ULP) by failing to bargain in good faith before implementing the furlough; (2) the agency improperly denied employees the ability to combine their furlough days so that they could qualify for unemployment compensation and failed to show that requiring employees to take 1 furlough day per week was more cost efficient than permitting employees to combine days; (3) the agency failed to provide the evidence upon which it relied to impose the furlough; (4) the agency failed to provide him with a hard copy of the Standard Form 50 documenting its furlough action; (5) the furlough was unnecessary; (6) the agency was not entitled to impose furloughs on workers compensated through a Working Capital Fund; and (7) certain employees were unfairly exempted from the furlough. IAF, Tab 1 at 5. We discern no basis to disturb the administrative judge's findings concerning claims (2) through (7). As to claim (1), which the administrative judge did not address, we find that, even if we were to recognize that harmful procedural error could be established by showing that the agency engaged in a ULP, the appellant failed to set forth sufficient evidence to support his allegations and meet his burden. In any event, to the extent that he is asking the Board to determine whether the agency committed a ULP, such a request is not within the Board's purview. *See Berry v. Department of Justice*, 31 M.S.P.R. 676, 678 (1986) (finding that the Board has no authority to determine whether an agency action constitutes a ULP).

[5] The administrative judge held a joint hearing for all appellants who requested hearings and decided the appeals of those appellants who did not request hearings based on their written submissions. ID at 2.

even manner, and was implemented in accordance with due process requirements.[6] *Id.*

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that the administrative judge failed to address his harmful error claim. *Id.* at 4-5. The agency filed a response, to which the appellant did not reply. PFR File, Tab 3.

¶6 We do not agree with the appellant's contention that the administrative judge failed to adjudicate his harmful error claim. In the prehearing conference summary, the administrative judge properly set forth the burden of proof for such a claim. CAF, Tab 15 at 6-7. Further, in the initial decision, she found that no appellants proffered evidence or argument to support their harmful error claims and, as a result, they failed to prove these claims. ID at 18. For the reasons set forth below, we agree with the administrative judge that the appellant failed to prove this claim.

¶7 An adverse action under chapter 75 cannot be sustained if the appellant shows harmful error in the application of the agency's procedures in arriving at such decision. 5 U.S.C. § 7701(c)(2)(A). The appellant's argument on review does not concern the agency's procedures in arriving at its decision to furlough him. Rather, his argument relates to actions the agency allegedly failed to take after reaching its decision. Indeed, he does not dispute that the agency informed him of its decision to furlough him for a maximum of 88 hours to be served on discontinuous days for no more than 16 hours per pay period.[7] Whether the agency notified him of exactly how the furlough would be implemented during the furlough period is irrelevant to the question of whether it used proper

---

[6] The administrative judge made numerous detailed findings concerning specific arguments made by the various appellants in the consolidated appeal, which we need not discuss in detail here because they are not relevant to the issue presented on review.

[7] The appellant acknowledged receipt of the agency's decision notice on July 1, 2013. IAF, Tab 1 at 16.

procedures in reaching its decision. As such, the harmful error rule does not apply. *Cf. Daywalt v. Department of the Army*, 5 M.S.P.R. 478, 479 n.1 (1981) (finding in an appeal from a removal based on a charge of absence without leave that the harmful error rule did not apply to the appellant's claim that the agency improperly denied his leave request because it related to the merits of the action, not to the application of an agency procedure in arriving at its decision).

¶8        Moreover, harmful error cannot be presumed and the appellant bears the burden of proving that the error was harmful, i.e., that it caused substantial harm or prejudice to his rights. *Canary v. U.S. Postal Service*, 119 M.S.P.R. 310, ¶¶ 9, 12 (2013); 5 C.F.R. § 1201.4(r). The appellant has not identified any harm he suffered as a result of the agency's alleged failure to notify him in advance of the exact dates and hours he would be placed in a furlough status. Rather, he simply contends that agency "management must follow the rules they make" and should not be "allowed to break their own rules." PFR File, Tab 1 at 4. As such, even if we were to find that the agency committed a procedural error, the appellant's argument still would fail because he has not identified any harm he suffered because of the agency's supposed failure to give him advanced notice.

¶9        Based on the foregoing, we find that the appellant has not established any basis for review. Accordingly, we deny his petition for review and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.